# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| RAYMOND VAN ZANT, *et al.*, | CV 16-00970 TJH (DTBx) |
| Plaintiffs, | |
| v. | Order |
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, *et al.*, | [JS-6] |
| Defendants. | |

The Court has considered Defendants' motion to dismiss and motion to strike, together with the moving and opposing papers.

As the removing party, the Defendants have the burden of establishing that the Court has diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2011). Because the complaint does not allege sufficient facts to establish diversity, the Defendants must set forth, in the notice of removal, facts sufficient to establish diversity jurisdiction. *See Kanter*, 265 F.3d at 857-858. Any doubt about subject matter jurisdiction must be resolved against removability. *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

In the notice of removal, the Defendants assert that CarMax is a limited liability

company, organized and with its principal place of business in the Commonwealth of Virginia. However, a limited liability company, for purposes of diversity jurisdiction, is deemed a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because the Defendants failed to provide the names and citizenship of each of CarMax's LLC members, the Court cannot determine whether complete diversity exists.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡, *sua sponte*, that this action be, and hereby is, 𝔎𝔢𝔪𝔞𝔫𝔡𝔢𝔡.

Date: July 20, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge